**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| CHRIS HOPKINS, individually and on behalf of the proposed class,<br><br>Plaintiff,<br><br>v.<br><br>MISTPLAY, INC. & MISPLAY, USA, INC.<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR TRIAL BY JURY** |



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Plaintiff Chris Hopkins, by and through the undersigned attorneys, individually and on behalf of the proposed class, alleges as follows:

## NATURE OF THE ACTION

1. This is a proposed class action on behalf of Washington residents who received unsolicited commercial text messages that Mistplay (collectively Mistplay, Inc. and Mistplay USA, Inc.) enabled and assisted.

2. The Washington Consumer Electronic Mail Act prohibits "the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service," RCW 19.190.060(1), unless the person to whom the texts were sent "clearly and affirmatively consented in advance to receive these text messages," RCW 19.190.070(1)(b). It further makes it illegal for a person to "initiate or assist" in such a transmission, including by enabling "any person to formulate, compose, send, originate, initiate, or transmit" such a text. RCW 19.190.010. Washington law treats such unsolicited commercial text messages as a *per se* violation of the Consumer Protection Act.

3. Mistplay systematically violates this law by implementing and promoting a text-based referral program in its mobile gaming rewards application. The referral program prompts existing users to send pre-packaged referral messages to their contacts by text message. Mistplay creates the message content, supplies referral links and tracking codes, structures the financial incentives, and rewards successful conversions. There is no mechanism to obtain or ensure the recipient's prior consent.

4. Plaintiff brings this proposed class action on behalf of people who received these illegal spam texts, seeking an injunction to end these practices, statutory and exemplary damages for each illegal text, and attorneys' fees and costs.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

6. This action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B) because it is filed under Rule 23 of the Federal Rules of Civil Procedure on behalf of a proposed class of similarly situated persons.

7. Conservative estimates of Misplay referral participation and text-based invitation frequency (detailed below) yield approximately 9,200 text messages sent to Washington residents over the four-year limitations period. At $500 per violation, plus attorneys' fees, the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2).

8. Minimal diversity exists under 28 U.S.C. § 1332(d)(2) because at least one member of the proposed class is a citizen of a State different from at least one Defendant. Plaintiff is a citizen of Washington. Defendant Mistplay, Inc. is incorporated in Canada.

9. Mistplay distributed its app throughout the United States using the Google Play and Apple App Store storefronts. It makes payments to Washington users in U.S.-denominated gift cards, contracts with Washington companies as part of Mistplay's operations, collects data from Washington users including location data.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendants initiated or assisted in the transmission of the unlawful text messages to Plaintiff while Plaintiff was located in Tacoma, Pierce County, Washington, within the Western District of Washington. Venue is further proper because Defendants conduct business in this District and is subject to personal jurisdiction here.

**PARTIES**

11. Plaintiff Chris Hopkins is a citizen of Washington State who at all relevant times resided in Pierce County.

12. Defendant Mistplay, Inc. is a company incorporated in Canada with its principal



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

offices at 1001 Boulevard Robert-Bourassa, #200, Montréal, QC H3B 4L4, Canada.

13. Defendant Mistplay USA, Inc. is the United States subsidiary of Mistplay, Inc. and is incorporated in Delaware with its principal place of business in New York.

## BACKGROUND

### *Mistplay's Platform and Referral Program*

14. On information and belief, Defendant Misplay, Inc. developed and operated the Mistplay app at issue in this complaint, while Defendant Mistplay USA, Inc. provided U.S. localization and payment services in connection with the referral program.

15. Mistplay is a mobile gaming loyalty platform available for download in the United States, including in Washington State, through the Google Play Store and Apple Store.

16. Defendants contract with U.S. app developers, paying U.S. residents for gameplay and referrals, and collecting data from U.S. users.

17. Mistplay rewards users with “units” for playing featured mobile games. These units can be redeemed for gift cards to retailers such as Amazon, Google Play, and others.

18. User acquisition is central to Mistplay’s growth model. One primary channel for growth is its in-app referral program.

19. Mistplay’s app includes a refer-a-friend feature that offers bonus units to existing users (“referrers”) and new users (“referred friends”) upon qualifying activity.

20. The referral program offers referrers (a) lump-sum bonus units when a referred friend completes sign-up and opts in using the referrer's unique referral link, and when the referred friend reaches Checkpoint 5 in a game of their choice; and (b) an ongoing percentage of units equal to a portion of what each of the referrer’s first five successfully referred friends earn going forward.

21. Referred friends receive 100 bonus units, in addition to the standard 200 welcome units, for joining through a referral link.

22. The referral program is designed to exploit the contact lists of app users by prompting them to share their unique referral links with personal contacts via text message.



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

***The Size of the Problem***

23. The Mistplay app has millions of downloads in the United States and aggressively promotes its referral program as a core user-acquisition strategy.

24. Publicly available app download analytics show that Mistplay is often among the top 50 downloaded entertainment apps in the United States, with millions of downloads every year. It had approximately 400,000 downloads last month.

25. Based on this publicly available download data, Plaintiff estimates that there are at least 400,000 active Mistplay users in the United States.

26. Based on publicly available download data and industry participation rates, it is reasonable to infer that at least 5% of active U.S. users sent referral invitations and that participating users sent an average of approximately five invitations using text messages per year, yielding approximately 100,000 referral text messages every year in the United States.

27. Washington residents have higher rates of tech adoption and app usage than the average United States resident, but going purely based on population, Washington's 2.3% share of the country's population means that roughly 9,200 of the unsolicited messages generated by the referral programs went to Washington residents over the last four years.

***The Referral Text Messages***

28. In the United States, Mistplay's referral program is localized to U.S. English and is designed to exploit the contact lists of residents of each state where the app is downloaded.

29. Mistplay enables users to transmit referral invitations directly through their device's text messaging applications.

30. Mistplay supplies prepackaged or auto-generated referral text and links that populate into the message and contain tracking parameters unique to the sender.

31. The content provided by Mistplay promotes the Mistplay app and is designed to induce the recipient to download the app and join the platform.

32. Mistplay instructs users to send these referral messages to their personal contacts



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

with no instruction or obligation to first obtain consent.

33. Mistplay does not employ any controls in the referral flow to ensure that its users obtain recipients' clear and affirmative consent in advance to receive the referral text messages before enabling them to send the commercial marketing text messages.

34. Mistplay financially rewards the sender when the recipient downloads the app and takes qualifying actions that financially benefit Defendants through increased platform engagement and advertiser revenue.

35. Mistplay tracks the delivery and success of referral attempts.

36. Mistplay provides no safeguards to prevent users from sending unsolicited referral messages to telephone numbers assigned to Washington residents.

37. Defendants' scheme foreseeably resulted in promotional texts targeting thousands of Washington residents.

38. At all times relevant to this Complaint, Plaintiff has resided in Washington State.

39. At all times relevant to this Complaint, Plaintiff's number was a cellular telephone number assigned to a Washington resident and equipped with short message service or similar capability.

40. On October 3, 2025, Plaintiff received an unsolicited commercial electronic text message transmitted through Mistplay's referral system, containing Mistplay's standardized promotional language and a link to the Mistplay app inviting Plaintiff to download the Mistplay app and earn bonus units using the sender's referral link.

41. Plaintiff did not provide clear and affirmative consent in advance to receive the text message above.

42. Plaintiff's privacy was invaded by the unsolicited promotional text message.

43. The text message occupied space on Plaintiff's phone and wasted Plaintiff's time.

**PROPOSED CLASS**

44. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated as



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

a proposed class action pursuant to Rule 23. The Class that Plaintiff seeks to represent is defined as follows:

> All persons who, while residing in Washington, were sent any text messages that Defendant assisted in the transmission of as part of its referral programs, from February 24, 2022 through the date the Court certifies the Class.

45. Excluded from the Class are: (i) Defendants and their officers, directors, employees, and legal representatives; (ii) any person who files a valid and timely request for exclusion; and (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

46. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

47. As described above at ¶¶ 19-23, there are at least one hundred Washington residents who received texts generated by Mistplay as part of the program. Accordingly, members of the Class are so numerous that joinder of all members is impractical.

48. Plaintiff's claims are typical of the claims of the Class Members because Plaintiff is a member of the proposed class, Plaintiff's claims stem from the identical course of conduct that form the basis of the Class claims, and all Class Members suffered similar injuries.

49. Plaintiff has no conflict of interest with any Class Member. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

50. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

a. Defendants' respective roles in assisting the transmission of the texts;

b. Whether the texts are commercial;



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

c. Whether Plaintiff and the proposed Class are entitled to an injunction enjoining Defendant from assisting or initiating the unlawful texts in the future; and

d. The nature and extent of Class-wide injury and damages.

51. Class treatment is superior because individual suits would be economically infeasible given the modest per-text damages. A class action will also allow the claims to be brought in a single forum simultaneously, efficiently, without duplication of effort, or the risk of contradictory rulings that numerous individual actions would otherwise entail. The Class Members are readily identifiable from Defendants' records.

**FIRST CAUSE OF ACTION**
**Violations of the Washington Commercial Electronic Mail Act**
**RCW 19.190**
**On Behalf of Plaintiff and Class Members**

52. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

53. Washington's CEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or assisting the transmission of an unsolicited commercial electronic text message to a telephone number assigned to a Washington resident for cellular telephone service.

54. CEMA provides a private right of action for individuals who receive these unlawful text messages, allowing them to seek injunctive relief to stop further violations.

55. Defendants are each a "person" within the definition of CEMA.

56. Defendants' design, provision of message content, and built-in tools to transmit referral messages constitute material assistance in initiating commercial text messages to Washington residents.

57. The referral messages transmitted through Defendants' system are unsolicited,



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

commercial text messages sent without the prior express consent of Washington recipients.

58. Defendants assisted the transmission of one or more commercial electronic text messages to Plaintiff and proposed Class members as described above.

59. Defendants' acts and omissions violated RCW 19.190.060(1).

60. Beyond the statutory injury recognized by CEMA, Defendants' conduct wasted consumers' time and device storage and interfered with their ability to manage legitimate text message communications.

61. Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.060(1).

## SECOND CAUSE OF ACTION
**Violations of the Washington Consumer Protection Act**
**RCW 19.86**
**On Behalf of Plaintiff and Class Members**

62. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

63. A violation of CEMA constitutes a *per se* violation of all five elements of Washington's Consumer Protection Act (CPA). RCW 19.190.100; *Lyft, Inc. v. State*, 406 P.3d 1149, 1155 (Wash. 2017).

64. Plaintiff and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

65. Defendants' texts at issue in this case were part of a larger intentional scheme that violates CEMA.

66. The referral schemes detailed above constitute unfair and deceptive acts or practices because they exploit nonconsensual and illegal messaging for corporate profit.

67. As a commercial recruitment scheme, the acts or practices occur in trade or commerce within the meaning of the CPA. RCW 19.190.100.

68. The widespread nature of Defendants' program means that it affects the public



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

interest of Washington residents in violation of RCW 19.190.100.

69. Pursuant to RCW 19.190.040(1), each recipient of a commercial electronic text message sent in violation of the CEMA is entitled to the greater of $500 per message or actual damages. These statutory damages establish injury and causation under the CPA as a matter of law. *Lyft*, 406 P.3d at 1155. The invasion of privacy and loss of use are also cognizable injuries under Washington law.

70. Plaintiff and Class members are entitled to recover damages, treble damages, and reasonable attorneys' fees and costs pursuant to RCW 19.86.090.

71. Under the CPA, Plaintiff and members of the Class are also entitled to, and hereby seek, injunctive relief prohibiting Defendants from committing further violations of the CPA and the CEMA

## PRAYER FOR RELIEF

Wherefore Plaintiff, on behalf of Plaintiff and Class Members, prays for judgment against Defendants as follows:

A. **Class Status**: An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class period defined above, appointing Plaintiff as Class Representative and the undersigned as Class Counsel;

B. **Damages**: Statutory damages of $500 per violating text and trebling as allowed by RCW 19.86.090;

C. **Injunction**: Injunctive or other equitable relief necessary to prohibit further CEMA and CPA violations;

D. **Fees and Costs**: Attorneys' fees and costs;

E. **Interest**: Pre- and post-judgment interest as appropriate; and

F. All other relief the Court deems just and proper.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

**TRIAL BY JURY**

Plaintiff demands a trial by jury for all issues so triable.

Dated: February 24, 2026

**CROSNER LEGAL, PC**

By: /s/ Ryan Tack-Hooper

Ryan Tack-Hooper (WSBA 56423)
Zachary M. Crosner (WSBA No. 61644)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
ryan@crosnerlegal.com
zach@crosnerlegal.com
Attorneys for Plaintiff